## THE ADAMS EXPRESS COMPANY *v.* DARNELL.

PLEADING.—*General Denial.*—The answer of general denial, under the code, merely puts in issue such of the averments of the complaint as the plaintiff is bound to prove in order to maintain his action; it does not controvert redundant allegations.

COMMON CARRIER.—*Express Company.*—*Delivery.*—An express carrier's duty to deliver to the consignee in person and the consignee's duty to receive are reciprocal. The consignee cannot, by design, or to promote his convenience, take away the right of the carrier to terminate, by delivery, the liability as insurer within a reasonable time.

SAME.—*Absence of Consignee.*—Where the consignee has notice of the arrival, and the carrier is ready to deliver, but is prevented by the consignee's absence, required by his interests, convenience, or pleasure, then the liability as carrier ends, and thenceforward the liability is for such reasonable care of the property as prudence requires.

SAME.—Suit against an express company, to recover the value of a package of U. S. bonds entrusted by plaintiff to defendant, to be carried from I. to W., consigned to plaintiff, lost by the negligence of defendant, and not delivered to plaintiff. Answer, that defendant kept an agent and office at W., and plaintiff resided there; that W. was a small village to which valuable packages were seldom sent, the express business of defendant at that point being so small as not to require or justify defendant to keep an iron safe, and none was kept there by defendant; of all which plaintiff had notice; that when the package was delivered by plaintiff to defendant at I., the former well knew that by due course of transmission it would arrive at W. at noon on a certain day, at which hour it did arrive safe, and was ready for delivery to plaintiff, who was absent from home during all that day and had no agent there, so that delivery to him in person could not be made on that day during business hours, though defendant was then ready to make such delivery; that defendant afterwards, on that day, deposited said package in a good and secure iron safe of one H., reputed to be a respectable and responsible merchant of the village, and caused the safe to be securely locked, said safe being the most secure place of deposit in the village; that on that night the safe was robbed by burglars, and the bonds stolen, wherefore it became impossible to deliver.

*Held,* that the answer showed that the liability of the defendant as carrier had ended when the package was lost, and that the defendant exercised reasonable care as bailee after the termination of such liability.

APPEAL from the Marion Common Pleas.

FRAZER, J.—This was a suit against the appellant as an

express carrier, by the appellee, to recover the value of U. S. bonds to the amount of $21,000, entrusted by the appellee to the express company, to be conveyed from Indianapolis to the village of Waldron, consigned to the appellee, and lost by the negligence of the appellant, and not delivered to the plaintiff.

There was an answer in five paragraphs, only two of which need be noticed.

1. General denial.

2. That the defendant kept an agent and office at Waldron, and plaintiff resided there; that W. was a small village to which valuable packages were seldom sent, the express business of the defendant at that point being so small as not to require or justify the defendant in keeping an iron safe, and none was therefore kept there by it; of all which the plaintiff had notice; that when the package was delivered by the plaintiff to the defendant at Indianapolis the former well knew that by due course of transmission it would arrive at Waldron at noon on the 11th of May, 1866, at which hour it did safely arrive and was ready for delivery to the plaintiff; that the plaintiff was absent from home during all that day, and had no agent there, so that delivery to him in person could not be made on that day during business hours, though the defendant was then ready to make such delivery; that the defendant afterwards, on that day, deposited said package in a good and secure iron safe of one Haywood, reputed to be a respectable and responsible merchant of the village, and caused the safe to be securely locked, said safe being the most secure place of deposit in the village; that on that night the safe was robbed by burglars and the bonds stolen, wherefore it became impossible to deliver.

It is assigned for error, that a demurrer was sustained to the second paragraph of the answer.

If the facts alleged in the second paragraph of the answer are true, and are sufficient to show proper care, then it is not true, as the complaint avers, that the bonds were lost

by the defendant's negligence, and to that extent the general denial was equally effective.

The liability of a common carrier, however, is that of an insurer. If the complaint be regarded as making a case against the defendant in that character, and if the facts averred in the second paragraph of the answer show that all the defendant's duties as carrier had been performed, and its liabilities as such ended, when the package was lost, and that the responsibility of the defendant was, at the time of the loss, merely that of bailee, or warehouseman, or anything less than that of carrier, then the paragraph confesses and avoids; it admits the receipt of the property as carrier and the failure to deliver, as alleged, which was all that the plaintiff need prove to make a case, but it attempts to avoid the consequent liability by showing a certain state of facts. Are these facts sufficient in avoidance? If they are, the paragraph was good; if not, it was bad.

The scope of the general denial, under the code, is merely to put in issue such of the averments of the complaint as the plaintiff is bound to prove in order to maintain his action; it does not controvert redundant allegations. *Baker* v. *Kistler*, 13 Ind. 63.

Personal delivery of the package was one of the duties of the carrier as such. The answer shows that this was rendered impossible by the plaintiff, in consequence of his absence, with a knowledge by him of the arrival of the package. Could he thus knowingly and on purpose prolong the extraordinary liability of the defendant as insurer, by putting it out of the power of the latter to terminate that liability? It was the interest of the carrier to terminate its liability as insurer as soon as possible, and it was its right and duty to do so within a reasonable time, by delivery. Such was the nature of the contract. This right to terminate liability as insurer it was not in Darnell's power to take away, by design, or to promote his convenience; for to do so would be to secure to himself an additional insurance not contracted for. If his interests, convenience, or

pleasure, required his absence, the consequences of such absence should fall upon himself, and not upon another. Such absence, preventing delivery, would not discharge the defendant from all responsibility, but it would end its liability as carrier; thenceforth its liability would be that of a bailee, not liable as insurer, but for such reasonable care of the property as prudence would require; and the paragraph of the answer under consideration certainly shows such care.

The doctrine that the carrier's duty to deliver and the consignee's duty to receive are reciprocal, and that each must be maintained, is approved by the plainest considerations of justice, and is necessary to prevent wrong and imposition. We are not aware that it has ever been questioned. It has, on the contrary, been recognized by many decisions, but in none that we are advised of has it been so plainly declared as in *Roth* v. *The Buffalo, &c., R. R. Co.*, 34 N. Y. 548. See, also, *Marshall* v. *American Express Co.*, 7 Wis. 1; *Richardson* v. *Goddard*, 23 How. U. S. 28.

It may not be possible always to fix the exact time when the carrier's responsibility as insurer ceases, and when he becomes a mere bailee in deposit or otherwise. But where, as is alleged here, the consignee has notice of the arrival, and the carrier is ready to deliver, it seems to accord with reason as well as authority that then the liability as carrier ends. 34 N. Y., *supra*; *Young* v. *Smith*, 3 Dana, 91.

It is urged, however, that the appellant had, upon the trial, the full benefit of all the facts alleged in the second paragraph of the answer. But this is a mistake. Most of the facts alleged were in evidence, it is true, and properly so under other issues; but the court instructed the jury, that "if the plaintiff, to whom the package was consigned, was at the place where the package was to be delivered, the next day after its arrival, and ready to receive the same, it was within a reasonable time." This instruction would effectually deprive the appellant of the benefit of the facts.

It told the jury very plainly that those facts did not relieve the carrier of responsibility as insurer. If the facts as pleaded were sufficient, then the instruction was obviously wrong.

A demurrer to the fourth paragraph of the reply was overruled, and this is assigned for error. This paragraph was addressed to the third paragraph of the answer, and is a good argumentative denial thereof, and therefore there was no error in overruling the demurrer to it. It contains other matters which have no application whatever to the defense to which it purports to be a reply, but seems to have been rather intended to apply to the second paragraph of the answer, to which, as we have seen, a demurrer had been sustained. It would have relieved the record of some confusion and redundancy if this paragraph of the reply had been stricken out. It did nobody any good, and has served to impair the pertinency of argument here.

Reversed, and remanded, with directions to overrule the demurrer to the second paragraph of the answer, and to allow both parties to amend their pleadings.

Gregory, J., dissents as to the sufficiency of the defense as stated in the second paragraph of the answer, and deems the sixth instruction correct.

*T. A. Hendricks*, *O. B. Hord*, and *A. W. Hendricks*, for appellant.

*M. M. Ray*, *J. W. Gordon*, *W. March*, and *B. F. Davis*, for appellee.