94    133
s53NW  918
133    ³191

JULIUS C. HASSE AND CHARLES H. DINGS v. THE AMERICAN EXPRESS COMPANY.

*Common carriers—Liability as warehousemen—Goods expressed C. O. D.*

1. Where goods are expressed C. O. D., the liability of the express company as a common carrier terminates upon the safe carriage of the goods to their place of destination, notice to the consignee of their arrival, and an offer to deliver upon payment of the amount charged against them.

2. In case the consignee is not ready to receive and pay for the goods, it is the duty of the company to safely store and care for them, and to hold them for a reasonable time to enable the consignee to make such payment, and to notify the consignor, and the liability of the company meanwhile is that of a warehouseman.

3. Plaintiffs expressed three packages of goods C. O. D., and on their arrival at their place of destination two of the packages were taken to the houses of the consignees, who were absent, but who afterwards called at the office of the express company, and requested it to hold the goods for six days, when they would receive and pay for them. A notice was mailed to the third consignee, whose place of residence was unknown to the company, but he never responded to the notice. The goods were safely stored in the company's warehouse, and notice sent to plaintiffs of what had been done. The goods were destroyed by fire, without the fault of the company, on the evening of the

day the notices were mailed to plaintiffs, and before they were received by them. And it is held that the defendant is not liable for the loss of the goods.

Case made from Wayne. (Hosmer, J.) Argued November 1, 1892. Decided December 22, 1892.

*Assumpsit.* Defendant assigns error. Judgment reversed, and one entered here for defendant. The facts are stated in the opinion.

*H. C. Wisner,* for appellant.

*Henry A. Chaney,* for plaintiffs.

GRANT, J.   June 8, 1891, plaintiffs, who are clothiers in the city of Detroit, delivered a parcel of clothing to the defendant for carriage to Marquette, Mich., addressed to one McMillan, marked "C. O. D. $30.00." On June 10 they delivered another parcel, addressed to one Wick, Marquette, "C. O. D. $35.00." June 16 they delivered another package, addressed to one Hart, Marquette, "C. O. D. $62.00." Each of these packages reached Marquette on the day following its receipt by the defendant. Its agent at Marquette, immediately on receipt of the first two packages, took them to the residences of McMillan and Wick in Marquette for delivery upon payment of the amounts to be collected. They were traveling men, and were not at home. Hart was unknown to defendant's agent, and had no residence in Marquette. Defendant's agent thereupon sent a notice by mail to Hart at Marquette of the arrival of the package. These packages were then safely stored in the defendant's warehouse. June 19 McMillan and Wick went to defendant's office in Marquette, and each notified its agent to hold the package addressed to him until June 25, when he would pay the amount, and take the same. Hart never appeared in answer to the

notice sent to him.    June 19 defendant's agent at Marquette mailed three notices to plaintiffs at Detroit, notifying them that the first two packages remained in the office unpaid, for the reason that each party said he would take it about the 25th, and that the last package remained in the office unpaid, for the reason that the consignee was unknown to defendant, and that the notice sent to him by mail failed to bring him.    These notices were received by the plaintiffs June 20.    On the night of June 19 defendant's storehouse was destroyed by fire, without fault upon its part, and these parcels sent by plaintiffs were destroyed.    Plaintiffs sued the defendant as a common carrier, and verdict was directed in their favor by the court.

The defendant's contract as common carrier was to safely carry the goods to their destination, to notify the consignees of their arrival, and to offer delivery upon payment of the amounts.    This duty it had fully performed, and with such performance its liability as a common carrier terminated.    Its further duty was to safely store and care for the goods, hold them a reasonable time to enable the consignees to pay, if they were not ready to pay immediately, and then to notify the consignors.    The liability meanwhile was that of warehouseman.    Hutch. Carr. § 392; *Weed v. Barney,* 45 N. Y. 344; *Zinn v. Steamboat Co.,* 49 Id. 442; *Express Co. v. Darnell,* 31 Ind. 20; *Marshall v. Express Co.,* 7 Wis. 1.

In *Weed v. Barney, supra,* the goods were sent C. O. D., arrived at their destination March 17, the consignees were promptly notified, and promised to take and pay for them, and the goods remained in the storehouse until April 16, when they were destroyed by an explosion, without the fault of the defendants.    No notice had meanwhile been given to the consignor.    It was held that no notice was essential.

It is a matter of common knowledge that those sending goods by express with instruction to collect their value before delivery expect express companies to retain them in order to give the consignees an opportunity to pay for and take the goods. Consignors so sending goods understand that the goods must be deposited in the storehouses of these companies. There is no reason, under such circumstances, in holding these companies to the strict liability of common carriers. We think that under the agreed facts in this case the defendant is not liable.

Judgment reversed, and judgment entered here for the defendant, with costs of both' courts.

The other Justices concurred.