[No. 5108.   Decided October 21, 1904.]

# KACHRLIS   ZILKE,   *Appellant,*   v.   J.   R.   WOODLEY, *Respondent.*[1]

TRIAL—DEMAND FOR JURY—WAIVER. A demand for a jury trial is waived where the trial is transfered to another judge, on the theory that the cause is of an equitable nature, with the suggestion that the party may save his right to a jury trial by a motion to remand, and no objection or motion to remand is made, and the trial is had without calling the trial judge's attention to the demand.

ASSIGNMENT—DRAFTS LEFT WITH BANK—DIRECTIONS TO APPLY AMOUNT COLLECTED. The delivery of drafts to a bank for collection, under an agreement between the payees and their creditor that the amount due him shall be credited to his account, amounts to an equitable assignment, and, upon collection by the bank, the title to the money passes to the creditor.

INTERPLEADER—ASSIGNMENT OF DRAFTS—DEFENSES—PREVIOUS CONTRACT—EVIDENCE—ADMISSIBILITY. In an action of interpleader to determine conflicting claims to money collected by a bank, waged on the theory that the same had been assigned in payment of the amount due upon a contract, evidence in relation to the contract, which is not in dispute, is inadmissible, since the claim for recovery is based on the assignment and not upon the contract.

FRAUD—CONTRACT TO LOCATE TIMBER CLAIMS — RESCISSION — KNOWLEDGE OF PARTY—VIEW OF PREMISES. Where parties are seeking to recover money paid upon a contract, whereby they were located upon certain timber claims, for false representations respecting the location and character of the claims, it is not error to confine the testimony respecting fraud to the period after the parties returned from viewing the land, where, acting upon their own knowledge and with means of knowledge, they subsequently closed the transaction, and paid the balance due.

SAME—FALSE REPRESENTATIONS—EVIDENCE—SUFFICIENCY. Findings of the trial court against the claim of fraud and false representations respecting the location and character of timber claims, inducing a contract to locate thereon, will not be disturbed where the parties subsequently viewed the lands, consulted with the officers of the land department, and afterwards paid the balance due on the contract.

[1]Reported in 78 Pac. 299.

APPEAL AND ERROR—JUDGMENT IN NAME OF FIRM—HARMLESS ERROR. In a proceeding to determine conflicting claims to money in court, the appellant, whose claim was denied, can not claim error in that the order directed the money to be paid to respondent's firm, instead of to respondent individually.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 11, 1903, upon the findings and decision of the court, after a trial on the merits before the court without a jury, determining conflicting claims to money paid into court. Affirmed.

*J. D. Campbell* and *P. C. Shine,* for appellant.

*Merritt & Merritt,* for respondent.

HADLEY, J.—The plaintiff in this action, the Traders National Bank, brought the suit against J. R. Woodley, who is the respondent here, and also joined as defendant Kachrlis Zilke, who is the appellant here. Certain other persons were also joined as defendants. The complaint alleges, that the plaintiff has in its possession $900 in money; that said Woodley claims to be the owner and entitled to the possession thereof, and has demanded that plaintiff shall pay it to him; that the other defendants also claim to be the owners, and have demanded that it shall be paid to them. Disclaiming any interest in the money, the plaintiff brought it into court, deposited it with the clerk, and asked that the defendants should interplead, and that their conflicting claims should be determined in this action. The said defendant Zilke answered separately, alleging that his co-defendant Woodley has no interest in the money, and further that the other co-defendants have, in writing, assigned to Zilke their interest therein. He asks that the money shall be adjudged to be his, and that it shall be delivered to him.

The defendant Woodley also answered separately, and averred that he and one Hubbell were associated together, doing a general real estate business in the city of Spokane, under the firm name of J. R. Woodley & Co.; that on the 30th day of August, 1903, the other defendants entered into a written contract with said firm, by which they agreed to pay the latter the sum of $200 for each defendant, for services in locating each defendant upon a timber claim of one hundred and sixty acres, upon unsurveyed land in the Pend d'Oreille timber district; that, by the terms of the agreement, $50 was to be paid in advance, to cover the expense of running the lines of the several claims, and the balance of $200 for each claim was to be paid when the said defendants had seen the land and made their selection; that, upon the execution of the contract, and contemporaneously therewith, said defendants paid thereon the sum of $100; that thereafter Mr. Hubbell, of the above named firm, went with said defendants to said timber district, and located them upon timber claims, in conformity with the contract; that, upon the return of said defendants from the timber district, after they had been so located, and on September 3, 1903, they paid to said firm the further sum of $50 as part payment upon the contract; that on the next day the defendants went to the bank of plaintiff, delivered to it certain bank drafts and a certain savings bank book, directed plaintiff to collect the same, and place $1,000 thereof to the credit of said Woodley; that on the same day said Woodley borrowed of the bank the sum of $100, and executed his note therefor, and thereafter, when the bank received the money from the said drafts, etc., it deducted from said $1,000, which was to be credited to the account of Woodley, the sum of $100 as and for payment of said note. The answer concludes with a prayer that J. R. Woodley

& Co. shall be adjudged to be the owners of said $900, and that an order be made directing it paid to them.

The said defendant Zilke, for himself and his assignors, replied to the answer of Woodley, alleging ignorance and illiteracy on the part of the defendants, and false and fraudulent representations on the part of Woodley, by which, it is claimed, they were deceived and misled as to the location, character and environment of said timber claims. He demands judgment against Woodley for $250, being the amount of $150 paid upon the contract, together with the sum of $100 applied upon his note at the bank, as aforesaid. Before proceeding with the trial, the plaintiff bank, by consent of all parties, was dismissed from the action, and absolved from any liability in the premises. The cause was then tried by the court without a jury, upon the issues formed by the aforesaid pleadings between the defendants, and resulted in a judgment that J. R. Woodley & Co. are the owners, and are entitled to the possession of said sum of $900, and it was ordered that the clerk shall pay the same to them. From said judgment and order said defendant Zilke has appealed.

It is assigned that the court erred in refusing appellant a jury trial. The record shows that, some time before the trial, a written demand for a jury trial was filed, accompanied with the payment of $12 as a jury fee. When the cause was about to be called for trial, the judge who was then presiding over jury trials in that court suggested that he thought the issues to be tried were of an equitable nature, and that the cause should be transferred to the judge who was presiding over the trial of equity causes. He, at the same time, suggested that, if appellant desired to save the question as to his right to a jury trial, he might do so by a motion in the other de-

partment to remand the cause back to his own for a jury trial. No objection or exception to this course was made or taken at the time, as far as appears in the record. The other judge proceeded to try the cause without a jury, and neither objection to such course, nor motion to remand, was made before him. It does not appear in the record that the judge who tried the cause ever had his attention called to the fact that a demand for a jury had been made. He was not asked to rule upon the question, and a review of that matter now would involve a question which does not appear to have been determined by him. We think, under all the above circumstances, that appellant should be held to have abandoned his demand for a jury trial. The action was brought and waged under the provisions of §§ 4843–4845, Bal. Code, and, with the view above expressed, it is unnecessary for us to pass upon respondent's contention that appellant was not, in any event, entitled to a jury trial, under the nature of the proceeding and issues.

It is next assigned that the court erred in denying appellant's motion for judgment upon the pleadings. This contention is based upon the theory that the pleadings show no title to the money in respondent. It is urged that the pleadings show the drafts to have been left with the bank by appellant and his assignors merely for collection, and that there was no assignment of the fund to respondent. Both parties were at the bank. The instructions of both to the bank were to credit respondent with $1,000 when the money was collected. With this arrangement in view, the bank then loaned respondent $100. In equity, and as between the parties, we think the title to the money then passed to the respondent. Of course, if the payees of the bank drafts had, after that time, notified the bank that drew them not to pay them

to the collecting bank, the assignment would not have prevented the arrest of payment to the collecting bank, and the rights of the parties would have had to be otherwise determined. But the drafts were actually paid, and the money, title to which had already passed, came into possession of the collecting bank. The collecting bank was not a mere collecting agent for the payees of the drafts, but was, by mutual agreement of the parties, constituted the holder of the funds when collected—funds which the parties then agreed belonged to respondent. The facts, we believe, amounted to an equitable assignment, and we think the authorities cited by appellant do not reach the case. The motion for judgment upon the pleadings was not erroneously denied.

Complaint is made that the court refused to permit appellant to introduce evidence in relation to the timber locating contract heretofore mentioned. The fact that such a contract was executed by the parties was not in actual dispute, and it was the court's theory that respondent's claim for recovery was not based upon that contract, but upon the assignment of the fund at the bank. We think that view was correct, and that no prejudicial error was committed in refusing the testimony.

It is further claimed that it was error to confine the testimony of appellant concerning false representations of respondent as to the timber claims to the period after the parties returned from viewing the land. We think the court was right. Any representations made before the parties viewed the land were not pertinent, for the reason that, after viewing the land for themselves, they no longer had a right to rely upon such representations, and they thereafter proceeded in the light of their own knowledge from actual view of the premises and surroundings. This court has frequently held that one who has

the means of knowledge before him, and who refuses or neglects to avail himself thereof, is prevented from asserting that he is defrauded. See, *Sherman v. Sweeny,* 29 Wash. 321, 333, 69 Pac. 1117, and decisions of this court there cited.

It is complained that it was error to enter judgment on the evidence submitted. We shall not undertake to say that the court was in error in this particular. The parties were taken to view the land, and located thereon. After their return, they consulted the officials at the United States land office concerning their rights, and made further payment upon the contract. Afterwards they directed the collection and application of the funds to the payment of the balance due under the contract as heretofore stated. In directing the balance to be paid to respondent they must be held to have acted with all the facts before them, and we see no reason why they shall not now be bound by the assignment of their funds thus deliberately made.

It is assigned that the court erred in entering an order that the money be paid to J. R. Woodley & Co., inasmuch as J. R. Woodley only is a party to the proceeding. It is however adjudged that the money does not belong to appellant, and we are unable to see that he has cause to complain, if the court directs it paid to the firm named in the original contract out of which the assignment of this money arose.

The judgment is affirmed.

FULLERTON, C. J., and DUNBAR, ANDERS, and MOUNT, JJ., concur.