[No. 25304. Department One. December 28, 1934.]

E. C. LLOYD *et al.*, *Appellants* v. THE FIDELITY NATIONAL BANK OF SPOKANE *et al.*, *Respondents.*[1]

L. H. Brown, E. L. Casey, and W. A. Toner, for appellants.

Hamblen, Gilbert & Brooke, for respondents.

MILLARD, J.—Defendants demurred to the complaint in an action brought by plaintiffs to recover alleged usurious interest. The demurrer was sustained, and upon the refusal of the plaintiffs to plead further, the court entered judgment of dismissal. On plaintiffs' appeal therefrom, we reversed the judgment, and remanded the cause with direction to the trial court to overrule the demurrer. *Lloyd v. Fidelity National Bank,* 169 Wash. 107, 13 P. (2d) 504.

Thereafter, the issues were framed in the two cases (E. C. Lloyd and wife v. The Fidelity National Bank of Spokane et al., and James L. Paine et al. v. E. C.

[1]Reported in 39 P. (2d) 392.

Lloyd and wife), stipulations filed consolidating the actions, and the actions noted for trial as a consolidated cause. On February 7, 1933, plaintiffs made written demand for a jury on the trial of the consolidated actions, and paid the required jury fee. The adverse parties objected to setting of the cause for trial by a jury. The basis of the objection was that the action "involves the examination of a long, involved and complicated account between said parties." On March 7, 1933, the trial court entered an order denying the demand for a jury trial. On March 7, 1933, on their application therefor, the Lloyds were permitted to withdraw the jury fee deposited by them. The court's order reads as follows:

"On this 7 day of March, 1933, this cause came regularly on for hearing by the court on motion of plaintiff E. C. Lloyd & Lulu M. Lloyd, to withdraw the jury fee on said cause, and after hearing said motion and the argument of counsel and the court being fully advised in the premises, it is by the court

"ORDERED, That said jury fee be, and the same is hereby ordered withdrawn."

By stipulation of the parties April 5, 1933, reading as follows, the consolidated actions were set for trial as a non-jury case, but exceptions to the court's order denying demand for a jury were expressly reserved:

"It is stipulated that the April setting of the above cause may be vacated, and said cause set down for trial in September, 1933, as a nonjury case, provided, however that this stipulation shall not be construed as waiving the exceptions heretofore taken and allowed by the attorneys for Lloyd and wife to the court's order denying them a jury trial."

The consolidated causes were tried to the court, the judge of which was not the same who entered the order denying the demand for a jury trial. It does not appear in the record—the appeal is before us on the

clerk's transcript of the record, the evidence not having been brought here for review—that the demand for a jury trial was ever renewed. The result of the trial to the court was in favor of the respondents. Motion to vacate the decision on the ground that the first judge erred in refusing to grant a jury trial was denied by the judge who tried the consolidated causes, the trial judge expressing the view that the cause was properly tried by the court, as the "consolidated cause involved long and complicated accounting." This appeal followed.

The only question is: Were appellants entitled to a jury trial?

■ The statement of facts is absent from the record, therefore we can not review the evidence. The appellants could have orally waived trial by jury and consented to trial by the court. For aught we know, that may have occurred. In the absence of the evidence, it will be presumed that the appellants consented to trial by the court.

■ So far as the clerk's transcript discloses, the judge who tried the cause did not have his attention called to the fact that a demand for a jury had been made. He was not asked to rule upon the question until appellants made their motion for a new trial. Appellants' demand then was not timely. The statutory provision for the filing of a demand for a jury trial reads as follows:

"In all civil actions triable by a jury in the superior court any party to the action may, at or prior to the time the case is called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court a statement of himself, or attorney, that he elects to have such case tried by jury. At the time of filing such statement such party shall also deposit with the clerk of the court twelve dollars, which deposit, in the event that the case is settled out of

court prior to the time that such case is called to be heard upon trial, shall be returned to such party by such clerk. Unless such statement is filed and such deposit made, the parties shall be deemed to have waived trial by jury, and consented to a trial by the court: Provided, that, in the superior courts of counties of the first class such parties shall serve and file such statement, in manner herein provided, at any time not later than two days before the time the case is called to be set for trial.'' Rem. Rev. Stat., § 316 [P. C. § 8488].

Quite a number of months elapsed between the time of the withdrawal of the jury fee and the trial of the cause. By the withdrawal of the fee and the failure to again deposit the proper fee and renew their demand for a jury trial to the judge to whom the cause was assigned for trial and to whom the cause was tried, appellants will be deemed to have waived trial by jury and consented to trial by the court. In *Zilke v. Woodley*, 36 Wash. 84, 78 Pac. 299, we held that a demand for a jury trial is waived where the trial is transferred to another judge, on the theory that the cause is of an equitable nature, with the suggestion that the party may save his right to a jury trial by a motion to remand, and no objection or motion to remand is made, and the trial is had without calling the trial judge's attention to the demand. We said:

''It is assigned that the court erred in refusing appellant a jury trial. The record shows that, some time before the trial, a written demand for a jury trial was filed, accompanied with the payment of $12 as a jury fee. When the cause was about to be called for trial, the judge who was then presiding over jury trials in that court suggested that he thought the issues to be tried were of an equitable nature, and that the cause should be transferred to the judge who was presiding over the trial of equity causes. He, at the same time, suggested that, if appellant desired to save the question as to his right to a jury trial, he might do so by

a motion in the other department to remand the cause back to his own for a jury trial. No objection or exception to this course was made or taken at the time, as far as appears in the record. The other judge proceeded to try the cause without a jury, and neither objection to such course, nor motion to remand, was made before him. It does not appear in the record that the judge who tried the cause ever had his attention called to the fact that a demand for a jury had been made. He was not asked to rule upon the question, and a review of that matter now would involve a question which does not appear to have been determined by him. We think, under all the above circumstances, that appellant should be held to have abandoned his demand for a jury trial."

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and GERAGHTY, JJ., concur.