[No. 1834.  Decided June 22, 1895.]

MARY EASTER, *Appellant*, v. S. L. HALL *et al.*, *Respond-
ents.*

NON-SUIT— EVIDENCE — WHEN HEARSAY ADMISSIBLE AS PROOF.

Where it appears from the evidence introduced by plaintiff in an
action for damages for injuries received by reason of the alleged
negligence of defendants, that the negligence, if any, was that of
an independent contractor, the defendants are entitled to a non-
suit, although they may not have pleaded such fact as a defense.

Hearsay evidence, when admitted without objection, and allowed
to remain in the case for want of a motion to strike, is some proof
of the facts stated.

*Appeal from Superior Court, Clallam County.*

*Trumbull & Trumbull*, for appellant.

*W. L. Marquardt*, and *R. C. Wilson*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This is an appeal from a judgment of
non-suit.  The first three paragraphs of the com-
plaint are as follows :

"1st.  That the plaintiff is now and at all the times
hereinafter mentioned was the owner and in the pos-
session of those certain premises situated in the city
of Port Angeles, Clallam County, Washington, known
as the "Port Angeles Cannery," wherein she had her
residence and carried on the business of canning
clams and packing fish for the market.

"2d.  That the defendants S. L. Hall and William
Bishop, Jr., are a partnership doing business as
loggers under the firm name of Hall & Bishop.

"3d.  That on or about the 10th day of October,
1893, the defendants were the owners of a certain
boom of logs, which they towed or procured to be
towed into the harbor of Port Angeles, and which
boom of logs they carelessly and negligently caused

to be fastened at or near the residence and cannery of this plaintiff, and which boom of logs the said defendants, their servants or agents, carelessly and negligently left, without any one being in the charge of them, or to look after them, and was so insecurely, negligently and carelessly fastened, that on or about the night of the 23d day of November, 1893, broke loose from their fastenings and were driven with great force and violence against the piles and timbers upon which the residence and cannery of this plaintiff rested, knocking out a great many of said piles and utterly wrecking and ruining said premises and endangering the lives of the occupants, to her damage in the sum of three thousand dollars."

An answer was filed, admitting the ownership of the logs by the defendants, but denying all the other matters alleged in the third paragraph of the complaint. Two affirmative defenses were pleaded, the first being that the logs were securely fastened and were broken loose by a storm of unusual violence; and the second, that the damage was caused in part by the negligence of the plaintiff.

It is claimed that the court granted a non-suit on the ground that it appeared from the testimony that the defendants had entered into a contract with the owners of a certain tugboat to tow the logs in question to Port Hadlock, and that the defendants were not responsible for their failure to do so, or for their action in the premises in leaving them at Port Angeles.

It is contended by appellant that the evidence in this particular was inadmissible; first, because a defense that the injury was caused by an independent contractor must be specially pleaded, and there was no such defense set up in the answer; and second, that there was no proof that the tugboat company were independent contractors, on the ground that it

11 — 12 WASH.

appeared that all the defendant Hall, who was called as a witness by the plaintiff to prove her case, knew as to this matter was what had been told him by his co-defendant and partner; and on the further ground that the testimony relating to this matter was wrongfully admitted on his cross-examination.

These questions are not raised by the record, and it is unnecessary to determine whether it was incumbent on the plaintiff to prove that the defendants towed the logs, or caused them to be towed, into the harbor at Port Angeles as she had alleged, for, upon the direct examination of defendant Hall, the following testimony was drawn out by the plaintiff and was uncontradicted :

"*Question:* I will ask you to state, Mr. Hall, whether or not on or about the 10th day of October, 1893, your firm had a boom of logs towed up into the harbor of Port Angeles? *Answer:* About that time; yes, sir. The tug Discovery towed them up.

"Q. The tug was in the employ of the firm of Hall & Bishop, was it? A. No, sir: not in our employ at all. We contracted to have the logs towed to Port Discovery, to pay them so much a thousand to tow them to Port Hadlock, I should say."

As this testimony was introduced by the plaintiff it was entirely immaterial whether the defendants had pleaded the fact or not. If the plaintiff herself showed a state of facts upon which she should not recover, the defendants were entitled to the benefit of it, although they had not pleaded the same as a defense.

There was no proof of negligence. It appears that although the defendants knew the logs had been left at Port Angeles, the tugboat company represented to them that they would be taken away immediately, or as soon as the weather would permit. The defendants had not assumed control over the logs in any

manner. Upon cross-examination it appeared that substantially all the witness knew with regard to the employment of the tugboat was what his partner had told him. But this testimony was not objected to in any way, nor was any motion made to strike it on the ground of its being hearsay, and being in the case it was of some proof of the facts stated.

There was no other proof in the case upon the points in question, and we are of the opinion that the non-suit was properly granted.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.