[No. 5821.  Decided December 18, 1905.]

C. E. JONES *et al., Appellants,* v. H. S. EMERSON *et al., Respondents.*[1]

SALES—BREACH OF WARRANTY—EVIDENCE OF EXPERT—COMPETENCY. In an action for breach of warranty on the sale of apples, found upon arrival to be infected and unmerchantable, the testimony of an expert to the effect that if infected upon their arrival they could not have been merchantable at the date of the sale, is competent.

SALES—BY SAMPLE—BREACH OF WARRANTY—FINDINGS—EVIDENCE —SUFFICIENCY.  There is sufficient evidence of breach of warranty as to the quality of apples sold, when it appears that they were warranted to be merchantable and of good quality, that most of them were found to be infected and were condemned and destroyed by the fruit inspector, and that the vendor was notified of such official action and made no investigation as to the facts; and the fact that the purchaser inspected certain boxes before buying and was satisfied as to the quality, does not preclude a recovery, where it is not shown that he inspected that portion that was condemned.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 14, 1905, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action on contract.  Affirmed.

*McAulay & Meigs* and *James E. Bradford,* for appellants.

*W. H. Bogle,* for respondents.

CROW, J.—This action was commenced by appellants, C. E. Jones and B. G. Stone, partners as C. E. Jones & Company, against H. S. Emerson and Frank Wheeler, partners as H. S. Emerson & Company, to recover $500 for apples shipped from North Yakima.  Appellants alleged that, on March 21, 1903, respondents purchased four hundred boxes of apples from them, at $1.25 per box, f. o. b. cars at North Yakima; that appellants, on March 23, 1905, loaded said apples on a Northern Pacific car and billed the same to re-

[1] Reported in 82 Pac. 1017.

spondents at Seattle, where they were delivered; that the purchase price was payable on delivery, but that on demand payment had been refused. Respondents pleaded two affirmative defenses, which we will not quote as, upon trial without a jury, the court made findings of fact in conformity therewith, and refused findings requested by appellants. From a judgment in favor of respondents, this appeal has been taken.

The findings show that, on March 21, 1903, appellants contracted to sell respondents four hundred boxes of apples, at $1.25 per box, f. o. b. cars at North Yakima, said apples to be selected by appellants, to be shipped to Seattle, and to be of first quality, merchantable, and similar to samples shown respondents; that, on March 23, 1903, appellants did ship four hundred boxes of apples, which were delivered to respondents at Seattle on or about March 26, 1903; that said apples were not of first quality or merchantable, nor similar to samples shown respondents, but were infected with San Jose scale and codling moth; that said apples were taken from the car into respondents' warehouse, where they were forthwith examined by the fruit inspector of King county; that the contents of three hundred and eighteen of the four hundred boxes were thereupon condemned and destroyed by said inspector; that respondents immediately notified appellants of the condition of said apples and of the official action of said inspector, and that said apples would be held for the risk and account of appellants; that respondents tendered appellants the sum of $70, the contract price for eighty-two boxes not condemned, less freight paid on the three hundred and eighteen boxes condemned, and deposited said tender with the clerk of the superior court subject to appellants' order.

Several assignments of error are based on rulings admitting and rejecting evidence. It is our duty to ignore all incompetent evidence. Still, while refraining from a detailed discussion of these various assignments, we fail to find any

prejudicial error either in admitting or rejecting evidence. In fact, we think the rulings of the trial court were without error in this regard.

The next assignment of error is on the findings made, appellants contending they were not supported by the evidence. Although much conflict exists, we fail to see how any other findings could have been made, as circumstances and facts that unquestionably occurred corroborate respondents' evidence. Frank Wheeler, one of the respondents, testified that, while in North Yakima on March 20th, he was at appellants' warehouse and examined about eight boxes of apples, selected and shown him by appellants; that on March 21 he again examined about fifteen additional boxes, also selected and shown him by appellants, and that all said apples were merchantable and of good qaulity. Appellants testified that Mr. Wheeler examined about forty or fifty boxes, he himself making the selections; that he expressed himself satisfied with the quality, and that the apples examined by him were merchantable. There were not enough apples in said warehouse to fill the order, and appellants purchased sixteen additional boxes after Mr. Wheeler left North Yakima. The four hundred boxes were received in Seattle about March 26, 1903, when the contents of three hundred and eighteen boxes were found to be affected with San Jose scale, codling moth, and rot, and were condemned and destroyed. Respondents immediately notified appellants by long-distance telephone of these conditions, and requested that a member of appellants' firm come to Seattle to inspect the apples, offering to pay his railroad fare. They also gave written notice to the same effect by letter. Appellants failed to go to Seattle, or to make any personal inspection, or to take any action prior to the bringing of this suit. The fruit inspector, an expert, testified that if the apples were in merchantable condition at North Yakima on March 21, they could not have been in the condition in which they arrived at Seattle on March 26. This evidence was objected to, but we think it competent.

While these are only a portion of the facts favorable to respondents appearing from the evidence, yet they support the findings, which we will not disturb.

As Mr. Wheeler made some examination of certain apples at North Yakima, appellants insist that he dealt with them at arm's length, and as no fiduciary or confidential relation existed between the parties, respondents are therefore not in a position to complain of the apples shipped. In making this contention appellants rely upon *Griffith v. Strand,* 19 Wash. 686, 54 Pac. 613; *Sherman v. Sweeny,* 29 Wash. 321, 69 Pac. 1117; *Hulet v. Achey,* 39 Wash. 91, 80 Pac. 1105, and other cases decided by this court. The trial court found that appellants warranted the apples to be merchantable and of good quality, and that they contracted to ship apples of that kind. Mr. Wheeler did not examine the contents of the entire four hundred boxes, but only such portions thereof as were exhibited to him by appellants. Moreover, the apples were loaded on the car and shipped after Mr. Wheeler left North Yakima. We therefore think the authorities cited do not apply to the facts involved. The contract of purchase was made by respondents upon condition that the apples shipped should be of the kind and quality shown to Mr. Wheeler. It appearing that those actually shipped were not of such quality, appellants failed to comply with their contract. Respondents promptly notified them of such failure, and tendered all money that would be due for the apples actually used. Under the facts found, appellants were not entitled to recover.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, RUDKIN, and ROOT, JJ., concur.