[No. 12086.   Department Two.   March 1, 1915.]

### J. E. LOUDON, *Appellant*, v. THOMAS E. SPENCER *et al.*, *Respondents.*[1]

WORK AND LABOR — PERFORMANCE OF CONTRACT—EVIDENCE—SUFFICIENCY. In an action on contract for clearing land, a finding in defendants' favor was warranted where there was evidence that the original contract was superseded by a supplemental contract agreeing to pay plaintiff a certain sum conditioned on his completing certain work and surrendering the unexpired lease, and that he failed and refused to perform the supplemental contract.

SAME—CONTRACTS—SUBSTITUTION—QUANTUM MERUIT — DEFENSES. Where plaintiff had agreed to clear land for the use of the same for two years, and after partial performance, brought action upon a subsequent agreement whereby the owner was to pay him $250 for the services performed, and plaintiff's evidence failed to sustain the allegations as to such subsequent contract, he is not entitled to recover on a *quantum meruit* for the work done under the original contract, where it further appeared that the original contract had been waived by the acceptance of a subsequent contract which plaintiff had wholly failed to perform; since the original contract had been rescinded, and *quantum meruit* cannot be awarded upon a total failure to perform the substituted contract.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered November 25, 1913, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

*Coleman, Fogarty & Anderson,* for appellant.

*Howard Hathaway,* for respondents.

[1]Reported in 146 Pac. 612.

ELLIS, J.—The complaint in this action declared on four counts. The first and third only are involved in this appeal. They were, in substance, as follows:

*First:* that on February 16, 1912, the plaintiff entered into a contract with the defendants to clear a tract of about seventeen acres of their land, in consideration of the use of the same for a period of two years; that it was agreed that, if the defendants sold their ranch, of which the seventeen acres was a part, they would pay the plaintiff for the clearing done such sum as might be agreed upon at the time of sale; that the plaintiff, pursuant to the contract, cleared about four acres; that on March 15, 1913, the defendants sold their ranch, and on March 30, 1913, offered the plaintiff $250 as compensation for the clearing; that plaintiff agreed to accept that sum, but defendants have never paid it or any part of it.

*Third:* that defendants appropriated to their own use property of the plaintiff consisting of cedar timber worth $12, certain farm tools worth $15.50, and twenty ricks of cedar puncheons worth $40, and have paid for none of these.

The answer admitted the original contract for clearing and lease, denied the alleged supplemental agreement, denied the alleged clearing, and admitted the refusal to pay the $250 claimed in the first count; admitted the appropriation, with plaintiff's consent, of four ricks of cedar of the agreed value of $8, and denied the other averments of the third count. The answer also contained five counterclaims with which we are not here concerned.

The court found the original agreement as set up in the complaint, but found that the supplemental agreement of March 30, 1913, was that the defendants would pay the plaintiff $250 if he would complete the clearing of the seventeen acres, together with another small tract, and surrender the unexpired term of the lease; that plaintiff agreed to

this, but had failed and refused to do any clearing whatever, and was entitled to nothing on his first cause of action.

On the third count, the court found due to plaintiff, for cedar slabs and piling, the sum of $20. On all of the plaintiff's causes of action and the defendants' several counterclaims, the court found a balance in the defendants' favor in the sum of $25.37, and entered judgment against the plaintiff for that amount and for costs. Plaintiff appeals.

No question is raised as to the correctness of any of the findings, save those touching the appellant's first and third causes of action. It is urged that these are not sustained by the evidence. It is claimed that the supplemental contract was an unconditional undertaking on the respondents' part to pay $250 for the clearing then done and a surrender of the unexpired term. It is true that the appellant's testimony standing alone would tend to support this theory; but a careful consideration of the abstract and the pages of the statement of facts therein referred to convinces us that the evidence, by a clear preponderance, sustains the court's finding. Witnesses, whose credibility, so far as we are able to judge, was equal to that of appellant, testified that only about three acres had been cleared at all and those only partially. Several witnesses testified that this clearing was of little or no benefit to the land. The respondent testified to the effect that his offer of $250 was conditioned upon the complete clearing of the seventeen acres and a small additional tract; that this offer was accepted by the appellant, but he failed and refused to do any clearing whatever. We find no warrant in the evidence for disturbing the first finding.

We shall not enter into a lengthy discussion invited by appellant touching the right of a party who has partially performed his contract to recover upon a *quantum meruit*. It may be conceded that, under properly framed issues and upon sufficient evidence of the value and benefit accruing from a partial performance, such a recovery may be had,

but no such case is presented here. The appellant's first count declared upon a specific supplemental contract that he was to receive $250 for the work already done. The evidence failed to sustain it. The court found upon sufficient evidence that the substituted contract was that the appellant should receive $250 only upon completing the clearing of the seventeen acres and another small tract. By the acceptance of this contract, the appellant waived any right of recovery upon the old contract. *Waldrip v. Hill*, 70 Wash. 187, 126 Pac. 409.

"The legal effect of a subsequent contract covering the same subject-matter and made by the same parties as an earlier agreement, but containing terms inconsistent therewith, so that the two cannot stand together, is to rescind the earlier contract. It becomes a substitute therefor, and is the only agreement between the parties upon the subject." *Sherman v. Sweeny*, 29 Wash. 321, 69 Pac. 1117.

This contract superseded the original agreement and remained wholly unperformed by the appellant. We fail to discover in this situation any ground, either in pleading or evidence, for a recovery upon a *quantum meruit*. While we have held that a substantial performance will entitle a party to recover upon his contract (*Taylor v. Ewing*, 74 Wash. 214, 132 Pac. 1009), we have never held that there could be a recovery, either upon the contract or upon a *quantum meruit*, where there had been no performance whatever.

The objection to the court's finding upon the third cause of action is equally lacking in merit. There was no evidence of any conversion, and the evidence as to the quantity of slabs and piling sold to the respondents clearly preponderates in favor of the court's finding.

The judgment is affirmed.

Mount, Crow, Fullerton, and Main, JJ., concur.