[No. 13581. Department Two. January 4, 1917.]

E. W. BADER, *as Northwest Locators, Respondent,* v. MOORE

BUILDING COMPANY, *Appellant.*[1]

BROKERS—COMMISSIONS—CONTRACT—PERFORMANCE. Where parties to a contract for the sale of corporate stock agreed to a modification of the same, the broker making the sale, who had contracted to find a purchaser, and who, after the modification, agreed to take his commissions in $3,500 in first mortgage bonds of the corporation as enlarged by the sale, is not entitled to any commissions unless the contract is carried out.

CONTRACTS—MODIFICATION—CONSIDERATION. The substitution of a new contract for an old one containing inconsistent terms, rescinds the old one and constitutes a sufficient consideration for the new contract.

BROKERS—RIGHT TO COMMISSIONS—CONTRACT—PERFORMANCE. A broker agreeing to take commissions in bonds on completion of a contract cannot complain that the seller did not enforce the contract but exercised an option, reserved in the contract, to cancel the same on the default of the buyer, where there was no fraud practiced and no arbitrary refusal to enforce the contract.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 26, 1916, upon findings in favor of the plaintiff, in an action on contract tried to the court. Reversed.

*Shorett, McLaren & Shorett,* for appellant.

*Chas. S. Hills* and *Aust & Terhune,* for respondent.

MOUNT, J.—This action was brought to recover a broker's commission for an exchange of certain properties. The complaint alleged that the plaintiff was a real estate broker; that he was employed by the defendant to procure a purchaser for all the stock in the defendant corporation; that he procured such purchaser; and that his commission was agreed to be the usual commission. The defendant entered a general denial. Upon the trial of the case to the court

[1] Reported in 162 Pac. 8.

without a jury, findings were made and a judgment was entered in favor of the plaintiff for $2,500. The defendant has appealed. The findings of the court are not questioned on the appeal, but are to be taken as correct.

It is argued by the appellant that, upon the findings, the court should have entered a judgment in its favor. It appears from the findings that, in January, 1915, the appellant requested the respondent to find a customer for the purchase of all the capital stock of the appellant corporation; that, if he did so, the appellant would pay him a reasonable commission; that the respondent thereupon found a purchaser in the persons of H. A. Kalb and wife; that, after some negotiations, Kalb and wife entered into a contract with the appellant by which it was agreed that Kalb and wife would convey certain lands to the appellant corporation, and receive therefor one-half of the stock of that corporation. The lands were described in the contract. The contract then recites:

"Now, therefore, it is hereby agreed that the parties of the second part [Kalb and wife] will make over to said corporation all of the last several above described properties and in payment therefor the said corporation agrees to procure the issuance and to issue to the said parties of the second part fifty (50%) per cent of the said capital stock of the party of the first part, having a present par value of fifty thousand ($50,000) dollars but having a real value on the increase by the additional property of a premium of fifty thousand ($50,000) dollars, or a total valuation of one hundred thousand ($100,000) dollars.

"It is understood and agreed that there is a certain obligation of seven thousand ($7,000) dollars more or less against said land which parties of the second part are to procure satisfaction of within thirty (30) days or if they fail to secure said satisfaction it shall be optional with the party of the first part to accept the direct obligation of the parties of the second part for such amount or cancel this contract.

"It is further understood and agreed that all of the necessary legal transactions to effect the consolidation of the

foregoing interests are to be carried through without unnecessary delay, and if either party fails to carry out its or their agreement within thirty (30) days from the date hereof, it may be optional with the party to cancel this contract."

The court made the following finding of fact:

"That, before entering into the said contract with the said Kalb and wife, the defendant consulted with this plaintiff concerning the desire of the defendant to enter into a contract as above set forth, changing the amount of the capital stock desired to be exchanged by the defendant, from the entire amount of the capital stock to only one-half thereof, and the plaintiff consented to such change. That thereupon it was the understanding and agreement between plaintiff and the said defendant and said Kalb that the plaintiff should receive as his compensation from the new corporation as enlarged after the accession of said Kalb and wife, a commission of $3,500 in first mortgage bonds of the said enlarged corporation. That the said contract between the defendant and Kalb was not carried out, because of the refusal of said Kalb, after entering into the same, to carry out the same, and abandoning the same, and of the failure of the said defendant to compel said Kalb to carry out said contract and permitting him to so abandon the same. That because of defendant's failure and refusal to enforce said contract and carry the same out, and abandonment thereof, it was not possible for the plaintiff to be paid said commission in bonds of the proposed enlarged corporation. That plaintiff performed the services which he was employed by defendant to perform, and procured for the defendant a purchaser upon terms satisfactory to defendant, which the defendant afterwards, as aforesaid, refused to enforce, and that defendant thereby became indebted to the plaintiff for the usual and customary commission charged by and paid to real-estate agents and brokers where exchanges are made. That the usual and customary commission in such cases is 5% of the entire value of the exchange, the parties exchanging to pay the broker 2½% commission upon the value of their respective properties to be exchanged."

It is plain from this finding of fact that the respondent knew of the terms of the contract which was about to be entered into between Kalb and wife and the appellant, and it

was agreed that the respondent should receive, as his compensation for bringing the parties together and effecting this contract, a commission of $3,500 in first mortgage bonds of the enlarged corporation. No doubt, this was one of the considerations for the principals to enter into this particular contract. It was clearly a modification of the original agreement to pay the usual commission for a sale of all of the capital stock of the appellant company, and it seems clear that, having entered into this contract for his commission, the respondent was entitled to no commission unless the contract was carried out. The court finds that the contract was not carried out. The rule is that:

"The legal effect of a subsequent contract covering the same subject matter and made by the same parties as an earlier agreement, but containing terms inconsistent therewith, so that the two cannot stand together, is to rescind the earlier contract. It becomes a substitute therefor, and is the only agreement between the parties upon the subject." *Sherman v. Sweeny,* 29 Wash. 321, 69 Pac. 1117.

In *Loudon v. Spencer,* 84 Wash. 236, 146 Pac. 612, we said:

"The court found upon sufficient evidence that the substituted contract was that the appellant should receive $250 only upon completing the clearing of the seventeen acres and another small tract. By the acceptance of this contract, the appellant waived any right of recovery upon the old contract."

It is contended by the respondent that there was no consideration for the new contract; but it is apparent from the finding quoted that the consideration for the new contract was that the appellant and Kalb and wife should enter into the contract which was proposed by this respondent. Before entering into that contract, the court finds that the appellant consulted this respondent and respondent agreed to receive, as his commission, the $3,500 in bonds of the new corporation, and thereupon, Kalb and wife and the appellant entered into the contract. It seems plain, therefore, that

there is sufficient consideration for the new contract between the broker and his principal. In *Stofferan v. Depew*, 79 Wash. 170, 139 Pac. 1084, we said:

"The substitution of a new contract for an old one, in itself constitutes a sufficient consideration."

There was no sale of all the capital stock, as originally contemplated. The court finds that the contract between the appellant and Kalb was not carried out because of the refusal of Kalb to comply with the terms of the contract, and because the appellant did not require Kalb to specifically perform his contract. The trial court was evidently of the opinion that the appellant thereby became liable for the commission as originally agreed upon. But it will be observed, by reference to the last two paragraphs of the contract above quoted, that it was understood that there was an obligation of $7,000 against the lands which Kalb and wife had agreed to turn in to the corporation, and it was agreed that, if Kalb and wife did not procure the satisfaction of that lien within thirty days, then it was optional with the appellant to accept the direct obligation of Kalb and wife, or to cancel the contract. From these provisions of the contract, the appellant had two remedies: First, to take the personal obligation of Kalb and wife; or second, to cancel the contract. These provisions of the contract were known to the respondent when he agreed to take his commission in first mortgage bonds upon the enlarged corporation. He assumed that the contract would be carried out by Kalb and wife, and knew that, if Kalb and wife did not carry out the contract according to its terms, it was optional with the appellant to cancel the contract. In other words, the respondent agreed to accept his commission in first mortgage bonds if the contract was carried out. It was not carried out, and of course he was not entitled to his commission. There is no contention in the case that the parties acted either fraudulently or arbitrarily. It seems to follow, therefore, that the failure of the contract is

8—94 WASH.

a complete defense to the action for commission. It is, no doubt, the rule, as claimed by respondent, that where a broker furnishes a purchaser, ready, able, and willing to purchase, and a contract is entered into, in the absence of any special agreement, the broker is entitled to his commission. *Riggs v. Turnbull*, 105 Md. 135, 66 Atl. 13, 8 L. R. A. (N. S.) 824, 11 Ann. Cas. 783 (especially the note at page 786). But it is equally true that, where the broker agrees to take his commission upon the completed contract, he is not entitled to his commission unless the contract is finally consummated. 4 R. C. L. page 311, par. 50. It is there said:

"Obviously, where a broker's commissions are expressly conditioned upon the consummation of the contract to be negotiated, it must be performed by the parties thereto to warrant a recovery of his remuneration."

The trial court found that, because of the defendant's failure to enforce the contract, it was not possible for plaintiff to be paid said commission in bonds of the proposed corporation; but there is no finding and no contention, as we understand the record, that there was any arbitrary refusal to enforce the contract or any fraud practiced therein. It is apparent from the terms of the contract, as we have seen above, that, upon the refusal of the purchaser to procure satisfaction of the $7,000 lien against the lands, the appellant might accept the direct obligation of the purchaser, or cancel the contract. Under these provisions, before the respondent was entitled to recover his commission, it was incumbent upon him to prove that there was fraud, or arbitrary refusal of the appellant to require Kalb and wife to perform the contract. It is clear, from the terms of the contract, that there was no arbitrary refusal, because, if the appellant did not desire to take the personal obligation of the purchaser, his express remedy, provided by the contract, was to cancel the contract, which was apparently done. These conditions were known to the respondent when he agreed to take his commission in first mortgage bonds. We are satisfied, for

these reasons, that the respondent was not entitled to recover because the contract was not carried out, and because he had agreed that his commission was dependent upon the fulfillment of the contract.

The judgment is therefore reversed, and the cause dismissed.

Morris, C. J., Holcomb, Fullerton, and Parker, JJ., concur.