[Civ. No. 20028.    Second Dist., Div. One.    June 1, 1954.]

JOHN E. MILLER, Appellant, v. ROSS W. CORTESE et al., Defendants; CELIA A. DINOW, as Administratrix, etc., Respondent.

Jerrell Babb for Appellant.

Benjamin J. Goodman for Respondent.

DRAPEAU, J.—This is an action to recover a real estate broker's commission for $20,000. Plaintiff is assignee of the broker, Alden B. Coyne. The cause was dismissed as to defendants Cortese and Bershim and defendant Dinow filed his answer. Thereafter the latter died and the action was revived on motion and a supplemental complaint was served on Celia A. Dinow, as administratrix of the estate of Mike E. Dinow, deceased.

Thereafter, the trial court granted the motion of Celia A. Dinow, as administratrix, etc., for permission to file her amended answer to the complaint and the supplemental complaint, in which she alleged several affirmative defenses to the action, to wit: (a) statute of frauds (Civ. Code, § 1624, subd. 5); (b) expiration of the broker's listing sued

upon; and (c) failure of plaintiff or his assignor to procure a purchaser able, ready and willing to purchase the property.

Mr. Coyne, plaintiff's assignor, did not testify and was not represented at the trial. Plaintiff testified he bought the claim from Coyne for $100 and agreed to be responsible for certain legal services.

Plaintiff's appeal from an adverse judgment and from an order denying his motion for a new trial is presented on an engrossed settled statement.

Mr. Alden B. Coyne, plaintiff's assignor, was a real estate broker, operating under the fictitious name of California Auto Court Association. Messrs. Randolph, Hannah and Brown, also real estate brokers, were associated with Coyne. By written agreements, these three men agreed to pay to Coyne for the use of his office, 30 per cent of any real estate commissions received by them.

On September 24, 1946, defendants executed an open listing authorizing California Auto Court Association to sell a piece of property designated as "Hollywood Colonial," for $600,000. The listing provided for a cash payment of $125,000; a broker's commission of $20,000, if the sale was made at the given price; and for a period of employment for six months from date of the listing, or until March 23, 1947.

No sale of the property was effected during the period of six months, nor at any time thereafter by plaintiff's assignor Coyne.

On August 14, 1947, after the expiration of the six-month period, a real estate broker by the name of Pentecost told Mr. Randolph that he had a client named Mrs. Anderson, who was interested in buying a motel. The two men discussed a sale of "Hollywood Colonial" to her. All of her dealings were with Pentecost. She did not know Coyne or Randolph. On August 14, 1947, Mrs. Anderson gave Pentecost a check for $5,000, and on the next day an escrow was opened with the Title Insurance and Trust Company for the sale of the property in question.

The escrow instructions required a cash payment of $100,000 on a total purchase price of $400,000. On the day the escrow was opened, Mrs. Anderson told Pentecost she did not have enough money to go through with the deal. Mr. Pentecost told Randolph that Mrs. Anderson would get the cash payment from a sale of property that he had made for her. Randolph in turn told defendant Cortese that Mrs.

Anderson had $100,000 to put down on the property.

The escrow instructions also provided for a broker's commission of $11,250, one-half payable to Pentecost and one-half to Randolph. No provision was made for payment of commission to Coyne or his company, and Mrs. Anderson never met Coyne at any time.

This escrow was never completed and was finally cancelled.

On September 20, 1947, while the Anderson escrow was still pending and when it became evident to Randolph and Hannah that Mrs. Anderson was not going to complete the transaction, Hannah negotiated a sale of "Hollywood Colonial" to a Mr. Fishman. An escrow for this purpose was opened with the Bank of America, at which time Randolph and the defendants Cortese, Bershim and Dinow were present. Defendants paid Hannah a broker's commission out of this escrow in the sum of $5,000. Of this Hannah paid Coyne 30 per cent, or $1,500.

The complaint is based upon the written listing agreement of September 24, 1946. It is alleged therein that, pursuant to such listing, Coyne procured Mrs. Anderson as a purchaser for defendants' property, and that he fully performed all conditions of the agreement.

At the trial defendant Dinow objected to the introduction of any evidence by plaintiff under his plea of full performance to show the extension, modification or waiver of the listing agreement with respondent respecting the time limited therein. Motion to strike such evidence was granted by the court.

Thereupon plaintiff made an offer of proof to establish that the owners had authorized said waiver of the time limitation orally, and by their acts and conduct. This offer was rejected. Plaintiff then moved to amend his complaint to include an allegation of waiver.

In denying that motion, the trial court stated:

"The Statute of Limitations has run on that, to establish that type of contract. It would be a complete change of the theory of the case as filed, and coming at this time is too late."

Appellant submits that the trial court erred in striking the said testimony, in rejecting the offer of proof and refusing him permission to amend his complaint.

As pointed out in respondent's brief, the controlling factors in the instant case are as follows:

(a) Mrs. Anderson was procured as a possible purchaser approximately four months after the expiration of the time limit provided by the listing.

(b) The sale to Mrs. Anderson was never consummated, so that the owners did not accept the benefits of the broker's services.

(c) The sellers did not prevent the consummation of the deal, nor were they chargeable with bad faith, negligence or fraud.

(d) Appellant did not plead waiver of the time limit provided in the listing agreement, and respondent timely, and by appropriate objections, objected to the introduction of any evidence on the question of waiver.

(e) There were no negotiations between appellant's assignor and any prospective purchaser between the expiration date of the listing agreement, to wit: March 23, 1947, and August 14, 1947, and all negotiations had lapsed for a considerable period of time.

As stated in *Baird* v. *Madsen*, 57 Cal.App.2d 465, 472-473 [134 P.2d 885]: "The general rule governing in cases of this kind is that a real estate broker may recover his commissions under his contract of employment when he procures a buyer who is ready, willing and financially able to purchase the particular property described in the agency contract pursuant to the terms and conditions specified therein. . . .

". . . in order to invoke the doctrines of extension or modification of contracts, the essential facts relied upon to bring the situation within the operation of those doctrines must be pleaded. . . . The rule in this regard is that a plaintiff must plead the particular contract which he claims he has performed; he cannot recover on proof of another contract, or of a contract substituted for, or constituting a modification of the contract declared on."

Again, in *Love* v. *Gulyas*, 87 Cal.App.2d 608, 615, 618 [197 P.2d 405], it was said:

"While courts should not be technical in the matter of pleading, a plaintiff should not be permitted to base his entire complaint on one theory, and then later adopt another theory which is not even hinted at in the pleading. The rule of extension of a broker's contract is dependent upon a waiver. . . . The complaint alleges full performance of the contract, and in no way alleges nonperformance and extension of it. . . .

"It has been held that the time set forth in a real estate broker's contract to sell real property cannot be extended

by oral agreement. (*Hicks* v. *Post,* 154 Cal. 22 [98 P. 878]; *Rice Lands etc. Co.* v. *Blevins,* 61 Cal.App. 536 [215 P. 402].) However, there is an exception to that rule where there has been a full performance by the broker. In such case, it is held that the limitation of time mentioned in the writing is waived by the seller continuing with the deal, through the same broker, after the expiration of the time expressed in the writing. (See *Moore* v. *Borgfeldt,* 96 Cal.App. 306 [273 P. 1114]; *Umphray* v. *Hufschmidt,* 73 Cal.App. 140 [238 P. 749]; *Estes* v. *Hotchkiss,* 63 Cal.App. 284 [218 P. 605].) The effect of such cases is that where the broker has completed his part of the contract with the consent of the seller, after the time limit has expired, his performance of the contract takes it out of the statute of frauds, and also estops the seller from relying on that statute. Here, there was no performance by the broker even after the time limit had expired, and hence there was no performance to extend the contract beyond the original time limit.''

Likewise here. Appellant's assignor had nothing to do with the Anderson transaction and that deal was never consummated.

For the reasons stated the judgment is affirmed. The appeal from the order denying a new trial is dismissed. (3 Cal.Jur.2d 500.)

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied June 23, 1954, and appellant's petition for a hearing by the Supreme Court was denied July 28, 1954.