425 P.2d 403

Verda LYNN dba Lynn Realty and United
Farm Agency, Inc., a Utah corporation,
Plaintiffs and Respondents,

v.

K. C. RANCHES, INC., a Utah corporation,
Defendant and Appellant.

No. 10611.

Supreme Court of Utah.

March 21, 1967.

Spafford & Young, Gaylen S. Young,
Salt Lake City, for appellant.

Paul N. Cotro-Manes, Salt Lake City,
for respondents.

TUCKETT, Justice.

Plaintiffs and respondents are real estate brokers. On April 23, 1965, the United Farm Agency entered into a listing agreement with the defendant whereby the defendant employed United Farm Agency to procure a purchaser ready, willing and able to purchase the ranch described in the listing agreement. The defendant agreed to pay a commission of 10% of the selling price when a purchaser was found who was willing to pay the stated price in accordance with the terms set forth in the agreement, or any other price and terms K. C. Ranches would find acceptable. Plaintiffs claim that they have performed the contract and brought this action to recover the commission. From a judgment in favor of the plaintiffs in the court below, the defendant has appealed to this court.

The property offered for sale by the listing agreement was a ranch consisting of 884 acres, together with improvements, livestock and other personal property. The terms of the listing contract provided a selling price for the property of $135,000, of which sum 29% was to be paid down in cash. The ranch in question was owned by the appellant, K. C. Ranches, Inc., a corporation, whose secretary, Mary H. Bennett, was the owner of approximately 98% of the shares of stock issued by the corporation.

4

On or about May 17, 1965, Verda Lynn, one of the respondents, presented to Mary H. Bennett, secretary of appellant corporation, an offer to purchase on behalf of James L. Gamble and George G. Gamble. By earnest money receipt and offer to purchase the Gambles offered to pay for the property the sum of $159,500 with no cash-down payment. However, the offer to purchase included a proposal that the Gambles transfer an interest in Davis County which the instrument recited as being of the value of $25,000. Upon receipt of the offer to purchase, Mary H. Bennett, on behalf of the defendant, added a condition to the instrument as follows:

Commission to be paid by 50% ownership in the 25 acres of land being traded. Must be accepted by United Farm Agency.

K. C. Ranches,

Mary H. Bennett, Secretary

There was no written acceptance by United Farm Agency, although Verda Lynn claims she immediately accepted verbally on behalf of herself, United Farm Agency and the Gambles. Two days later Mary H. Bennett notified the prospective purchasers, the Gambles, that the transaction was off, and she also notified United Farm Agency that the ranch was being withdrawn from the market. Subsequently, K. C. Ranches, Inc., conveyed its holdings to Doxey-Layton Company.

Upon the failure of the appellant to proceed with the sale of the ranch property, the plaintiffs, Verda Lynn and United Farm Agency, Inc., filed their complaint seeking to recover 10% as commission based upon the offer made by the Gambles.

It appears from the records that the respondents failed to produce a purchaser who was willing and able to buy the property at the price and terms stated in the listing agreement. It will be noted that the listing agreement provided for a lesser total price; however, the terms provided for a down payment in cash equal to 29% of the purchase price. The offer to purchase made by the Gambles to the respondent, Verda Lynn, offered to exchange certain interests in land in Davis County in lieu of a cash-down payment. This proposal was a major departure from the terms of the first agreement, under which the plaintiffs undertook to sell the ranch. The defendant's endorsement upon the offer to purchase, wherein it was proposed that the commission be paid by a transfer of 50% of the ownership in the land to be traded as a down payment for the ranch, was in fact a counter-offer or proposal by the defendant. Whether or not the counter-proposal was in fact accepted by the plaintiffs on behalf of the Gambles we need not decide.

The respondents do not seek to recover the commission based upon the counter-proposal by the defendant, as they do not

claim in this action that they are entitled to one-half of the land in Davis County, or the reasonable value thereof.[1] It appears that the respondents based their right to recovery upon the listing agreement wherein the defendant offered to pay a commission of 10% when the plaintiffs had procured a purchaser ready, willing and able to purchase the ranch at the price and in accordance with the terms set out in the instrument. The offer to purchase by the Gambles which was submitted to the defendant by the plaintiffs did not meet the terms and conditions specified in the listing agreement and was not a performance of that agreement. The Gamble proposal was in fact a counter-offer, which was not unqualifiedly accepted by the defendant. The plaintiffs did not plead a right to recover based upon the defendant's counter-offer, nor did they offer proof on that issue.[2] It appears that the plaintiffs have failed to perform the contract and they are not entitled to recover.

The judgment of the trial court is reversed. Appellant to recover its costs.

CROCKETT, C. J., CALLISTER and HENRIOD, JJ., and JOSEPH E. NELSON, District Judge, concur.

1. 12 Am.Jur.2d Brokers, Ann. Sec. 36, 42 A.L.R. Anno. p. 1017; Bader v. Moore Bldg. Co., 94 Wash. 221, 162 P. 8; Ligon v. Wharton, (Texas Civil App.) 120 S.W. 930.

2. Miller v. Cortese, 125 Cal.App.2d 656, 271 P.2d 87; Cooley v. Frank, 68 Wyo. 436, 235 P.2d 446; Baird v. Madsen, 57 Cal.App.2d 465, 134 P.2d 885.