474 P.2d 727

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Charles R. KNOWLES, Defendant and Appellant.**

**No. 12038.**

Supreme Court of Utah.

Sept. 28, 1970.

---

1. Clark v. Turner, 19 Utah 2d 210, 429 P.2d 262 (1967).

**14**

Robert Van Sciver, of Karras & Van Sciver, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, Lauren N. Beasley, David S. Young, Asst. Attys. Gen., for respondent.

HENRIOD, Justice.

Appeal from an order revoking probation where defendant was granted a stay of execution after having been convicted of a felony. Affirmed.

The stay of execution obviously was to help defendant go straight,—clearly a matter of grace.

After conviction, the trial court had granted a new trial, but vacated the same later on and denied the motion, as the record reflects. Defendant was placed on probation, *not* by way of parole, but *by stay of execution*. The termination of the stay of execution came after a hearing to show cause where witnesses, including defendant, were sworn, testified, and were

subjected to cross-examination. Suffice it to say that defendant's own testimony was no classic example of an effort to espouse the virtues of the Boy Scouts' oath, but represented an evasion tantamount to an admission of grounds for probation termination.

A deputy sheriff had called defendant on the phone. Defendant was absent, but the caller told his wife that other deputies were on their way with a search warrant which was not true. Apparently this was a maneuver to flush out suspicioned evidence of stolen goods. The deputy held sack on the house, and defendant's wife came out with a basketful of items that had been reported stolen, placed them in an open-bed truck, and was stopped after driving some distance down the road. The adult probation officer's affidavit in support of the petition for an order to show cause, stating that defendant had stolen goods in his possession, amply seems to have been supported by the circumstances.

■ Defendant now urges that the court had no jurisdiction to vacate its order granting a new trial. He cites Luke v. Coleman, 38 Utah 383, 113 P. 1023 (1911), in support of his contention. That case is not in point. In the instant case, defendant urges his point nearly two years after he could have appealed it, which he did not do.

Defendant urges 1) that the property in the truck unlawfully was seized without a warrant, and 2) that the hearing on revocation constitutionally was without due process.

■ As to 1) : The evidence taken from the truck was not used against defendant's wife. Anyway, she made no effort to conceal the property or prevent its taking. Furthermore it was in plain sight.

■ As to 2) : Defendant complains about hearsay testimony and lack of confrontation of witnesses, which, assuming them to have been technically objectionable for some reason or another, certainly were not prejudicial here, and there is nothing in the case to indicate that the trial court relied on anything other than significant believable circumstances in his knowledge and possession that quite reasonably supported the exercise of what we believe and hold was sound discretion, in a matter that was not a trial, required no jury or anything else other than a fair opportunity to show that the probationer had not broken faith with the trial judge who conditionally befriended him,—as was the case here.[1] The defendant, on the contrary, was most unfriendly.

CROCKETT, TUCKETT, CALLISTER, and ELLETT, JJ., concur.

1. See Baine v. Beckstead, 19 Utah 2d 4, 347 P.2d 554 (1959).